H. MORGAN, by D. H. POPE, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

---

MARTHA J. ROEBUCK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When, after the expiration of the ten days from the filing of the bill of exceptions allowed the clerk for making out transcript of record, etc., there was sufficient time for the case to have reached the clerk's office of the supreme court before the return day of the next term, but the same was neither certified nor forwarded until after the commencement of said term, thus causing it to be entered upon the docket of the next succeeding term, the writ of error will be dismissed. And this, notwithstanding the fact that if the fifteen days from the date of the certificate of the presiding judge permitted by the statute for service and filing, were added to the ten days allowed the clerk, it would have been impossible for the case to have been returned to the next term. (R.)

JACKSON, Judge, dissented from the last proposition.

Bill of exceptions. Practice before the Supreme Court. July Term, 1875.

A motion was made to dismiss the writ of error in this case because made returnable to the wrong term. In support of this motion, counsel for the state relied upon the following facts:

The bill of exceptions was filed in the clerk's office of the superior court on December 14th, 1874. The return day of the January term, 1875, of the supreme court, was December 29th, 1874. The certificate of the clerk was dated February 16th, 1875. It reached the clerk's office of this court on the 19th of the same month.

It was replied by counsel for plaintiff in error, that there was allowed twenty-five days from the date of the certificate of the judge before the clerk was compelled to forward the bill of exceptions, to-wit: fifteen days for service and filing, and ten days for making out transcript; that as the judge's certificate was dated December 7th, 1874, there was no necessity for the clerk to transmit until January 2d, 1875, and if then forwarded the case would have been, by law, returnable to the present term of the court, the term to which it had been, in fact, made returnable; that therefore the case was within the provisions of the act of 1870: Code, section 4272.

A majority of the court ordered the writ of error dismissed.

H. MORGAN, by D. H. POPE, for plaintiff in error.


B. B. BOWER, solicitor general, for the state.